Locke, Jeffrey A., J.
This matter comes before the Court on plaintiffs’ motion to compel discovery. Although enumerated in 14 separate requests, the plaintiffs seek disclosure of any information relating to defendant Raymond Messier that may exist in so-called “Secret Archives” maintained by the defendant Bishop. Further, the plaintiffs request that should the Bishop declare that no such files exist (a declaration made here), the Court order the defendant Bishop to make a further declaration that he is not employing a “mental reservation” with regard to the assertion that no such archival records exist. The defendant Bishop opposes the instant motion, relying on representations that the diocese has produced all documentary evidence in its possession relating to Messier and based on affidavits of Bishop Robert J. McManus, Bishop Emeritus Daniel P. Reilly, and Monsignor Thomas Sullivan.
The instant motion is predicated on a publication entitled Sex, Priests, and Secret Codes, authored by three active or former members of the clergy and published by Volt Press in 1985. Chapter four of the publication describes the manner by which diocesan bishops of the Catholic Church may keep two types of files, diocesan archives and secret archives. According to the authors, secret archives contain records relating to moral or criminal misconduct by a priest, and are kept by a bishop separate and apart from ordinary diocesan or personnel files. Significantly, the authors acknowledge that “(W]hat is contained in each priest’s file can vary greatly with the dioceses and its policy.” Id. at page 134. Further, “ the bishop could have all material related to conscience or matter of a moral nature placed in separate files that he personally would keep, at his residence for instance.” Id. at page 136.
It is clear from these passages that at least under Canon law a diocesan bishop is principally responsible for maintaining personnel records and has discretion regarding how such records are organized, maintained and stored. The plaintiffs do not suggest that Canon Law requires a secret archives or that records relating to moral or criminal misconduct are maintained outside of the diocese. With this in mind, the Court turns to the three affidavits, from the current and former Bishops of the Worcester diocese, and from the diocesan Chancellor who serves as keeper of the archives. Bishop Emeritus Reilly served as Roman Catholic Bishop of the Diocese of Worcester for nearly 10 years, retiring in 2004. Bishop McManus is Bishop Reilly’s successor. Both attest that they did not receive, and do not maintain, secret archives in the Worcester diocese.[1] Monsignor Sullivan attests that as keeper of the archives he is not aware that any Bishop in the Worcester diocese has ever kept a secret archive. Rather, records relating to diocesan priests are kept in a personnel file in a secure vault. In connection with Messier, Monsignor Sullivan further states that he did not withhold any documents contained in Messier’s personnel file from discovery in this case.
Based on the clear and unambiguous representations of diocesan officials the Court is satisfied that the Worcester Diocese does not maintain secret archives and has not withheld records relating to allegations or reports of sexual misconduct on the part of defendant Messier. Moreover, because Bishops Reilly and McManus and Monsignor Sullivan unequivocally assert that secret archives do not exist in the Diocese, there is no reason to require a further attestation regarding any mental reservation on their part.
Therefore, for the reasons set forth above the Court concludes the instant motion is moot and is consequently DENIED.

 Given the context in which the Bishops’ affidavits are provided the Court presumes that the affiants are using the term “secret archive” as it is referenced in Canon law (specifically, Canons 489 and 490). To the extent the bishops are construing the term to mean something different, the defendant RCBW is ordered to file a supplemental memorandum supported by affidavits, explaining the difference and further, disclosing whether any documents or other information exists in archival files maintained under Canons 489 and/or 490.